UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BADJI DIENG,

Petitioner,

v.

MARKWAYNE MULLIN, et al,

Respondent.

Case No. 2:26-cv-01336-TLF

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Immigration detainee, Badji Dieng, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241, alleging a violation of his Fifth Amendment due process rights. Dkt. 1. He asks for the following relief: (1) a writ of habeas corpus ordering respondents to immediately release him from detention; (2) an order permanently enjoining his re-detention absent constitutionally adequate procedures; (3) an order that any conditions of release imposed be narrowly tailored and no more restrictive than necessary to ensure petitioner's appearance and to protect the community; (4) an order declaring that petitioner's re-detention without notice and a meaningful opportunity to be heard violates Due Process; (5) alternatively, a constitutionally adequate bond hearing before an Immigration Judge within seven (7) days, at which the Government bears the burden of proof by clear and convincing evidence; and (5) an award of reasonable attorney fees and costs. *Id*. at 11.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 1

The parties unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART the federal habeas petition (Dkt. 1).

## BACKGROUND

Petitioner is a native and citizen of Senegal. Dkt. 5 (Declaration of Deportation Officer Gennadiy Baz ("Baz Decl.")), ¶ 4. On March 22, 2023, petitioner was encountered by U.S. Border Patrol ("USBP") near San Ysidro, California. *Id.* (Baz Decl.), ¶ 4. USBP determined that petitioner unlawfully entered the United States and on March 26, 2023, USBP issued a Notice to Appear ("NTA") to petitioner, charging him with removal pursuant to 8 U.S.C. § 1182(a)(2)(A)(i). *Id.*; Dkt. 6 (Declaration of Jordan C. Steveson ("Steveson Decl."), Ex. A (Notice to Appear).

On March 26, 2023, USBP released petitioner on an order of recognizance ("OREC"). Dkt. 6 (Steveson Decl.), Ex. B, (OREC). On December 16, 2024, an immigration court in New York denied all of petitioner's applications for relief and ordered him removed to Senegal. Dkt. 5 (Baz Decl.), ¶ 5. On January 15, 2025, petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). *Id.* That appeal remains pending. *Id.*

At some point in 2025, petitioner changed his residence to Washington State, but did not notify Department of Homeland Security as required by his OREC. Dkt. 5 (Baz Decl.), ¶ 7.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 2

On November 27, 2025, petitioner was encountered by U.S. Customs and Border Protection ("USCBP") at the Peace Arch Entry in Washington State. Dkt. 5 (Baz Decl.), ¶ 6; Steveson Decl., Ex. C (Record of Deportable/Inadmissible Alien).

Deportation Officer Baz states, "[p]etitioner entered Canada and applied for admission, but ultimately withdrew his application for admission with Canada after Canada declined to admit him." Dkt. 5 ("Baz Decl."), ¶ 6. The Government presents Form I-213, dated November 28, 2025, which reflects under "Section Codes" that petitioner is charged under INA 212(a)(6)(A)(i) (codified at 8 U.S.C. § 1182(a)(6)(A)(i)). Dkt. 6 (Steveson Decl.) Ex. C (Form I-213).

The Form I-213 further states that petitioner had previously entered the United States, he was charged as inadmissible under INA 212(a)(6)(A)(i) (codified at 8 U.S.C. § 1182(a)(6)(A)(i)), his application for relief was denied, and an appeal was pending. Dkt. 6 (Steveson Decl.), Exh. C. Form I-213 further states that "[c]urrent CBP policy allows for the release of subjects who have future verifiable immigration court dates or pending applications with USCIS. Since Dieng has neither of these . . . CBP policy does not allow for his release. As such he is being forwarded to ERO for custody."[1] Id.

A form titled "Alien Informal Interview Upon Revocation of Order of Recognizance Under 8 C.F.R. § 241.4(I); 8 C.F.R. § 241.13(i)" states that "[o]n December 9, 2025, I conducted an initial informal interview of the detainee listed above in order to afford the alien an opportunity to respond to the reasons for revocation of his or her order of

---

[1] The petition originally asserted that petitioner was detained on November 28, 2025, in Seattle, Washington. Dkt. 1. In traverse, petitioner's counsel argues that even accepting the Government's characterization – that petitioner was encountered at the Peace Arch – the constitutional issue remains the same and petitioner is entitled to release. Dkt. 8 at 2.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 3

Recognizance stated in the notification letter. At the interview the alien made the following oral response regarding the reasons for revocation:

> I don't have any problem with my custody here, its giving me the opportunity to learn English. Also I am seeing doctors and getting some medicine. I am getting food and sleeping in a good place. I will stay here until I get an answer from the BIA. When Senegal was mentioned I got scared because I had some bad times there. I have been in much worse conditions where I was tortured so this place is much better."

Dkt. 6 (Steveson Decl.), Exh. D. (Alien Informal Interview Form).

Deportation Officer Baz states that ICE is detaining petitioner while it awaits a BIA decision and when petitioner's immigration order becomes final, if removal to Senegal is still directed, ICE is prepared to remove petitioner to Senegal in the normal course. Dkt. 5 (Baz Decl.), ¶ 9.

## DISCUSSION

**A.    Mandatory or Discretionary Detention**

Petitioner argues he is subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. 1. Respondent argues that petitioner, having crossed the border into Canada and returned to the United States, is detained under 8 U.S.C. § 1225, and his detention is mandatory. Dkt. 4.

Under 8 U.S.C. § 1226, the government has significant discretion with respect to noncitizens[2] who are "detained pending a decision on whether the [noncitizen] is to be removed from the United States." As long as the detained noncitizen does not meet the requirements for detention under § 1226(c), the Attorney General may release the noncitizen on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). Release is

---

[2] The Court uses the term "noncitizen" as equivalent to the term "alien" that is used in the statute. *See Nasrallah v. Barr,* 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 4

proper where the noncitizen "satisfies [the government] that he will not pose a danger to the safety of other persons or of property and is likely to appear for any scheduled proceeding." § 1226(a)(4).

If a noncitizen wishes to contest the initial custody determination — the denial or amount of bond, they have a statutory right to do so before an immigration judge. 8 C.F.R. § 1236.1(d)(1); *see Rodriguez v. LaRose*, No. 3:25-CV-02940-RBM-JLB, 2025 WL 3456475, at *4 (S.D. Cal. Dec. 2, 2025) (differentiating between mandatory detention under § 1225 and discretionary detention under § 1226).

Under 8 U.S.C. § 1225, there are two categories of "applicants for admission"; an applicant for admission is a noncitizen who "arrived in the United States," or are "present" in the United States but have "not been admitted." 8 U.S.C. § 1225(a)(1). The first category of applicants for admission consists of individuals covered by § 1225(b)(1) and the second category consists of individuals covered by § 1225(b)(2). *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1225(b)(1), applies to, among others, noncitizens initially determined to be inadmissible because of fraud, misrepresentation, or lack of valid documentation. *Id.* (citing § 1225(b)(1)(A)(i)). Section 1225(b)(2) is broader and "serves as the catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)" (with specific exceptions). *Id.* at 287-88 (citing §§1225(b)(2)(A), (B)).

"Normally, noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)).

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 5

But, if a noncitizen "indicates either an intention to apply for asylum ... or a fear of persecution," then the inspecting immigration officer must refer that noncitizen for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). In the event the asylum officer determines that the noncitizen has a credible fear of persecution, then the noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112.

The Supreme Court in *Jennings* has held "1225(b)(1) mandates detention 'for further consideration of the application for asylum,' § 1225(b)(1)(B)(ii), and § 1225(b)(2) requires detention 'for a [removal] proceeding,' § 1225(b)(2)(A). The plain meaning of those phrases is that detention must continue until immigration officers have finished 'consider [ing]' the application for asylum, § 1225(b)(1)(B)(ii), or until removal proceedings have concluded, § 1225(b)(2)(A)." 583 U.S. at 299.

In determining whether petitioners who have been apprehended on arrival, released, and later apprehended again, are subject to discretionary detention under § 1226(a) or mandatory detention under § 1225(b), the Court considers the government's treatment of the petitioner seeking habeas relief as "particularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). If the government treats petitioner as being subject to discretionary detention under § 1226, rather than § 1225 mandatory detention, and they provide no reasoning or factual and legal basis to justify mandatory detention, then the Court should rely on § 1226 as the applicable statutory authority. *Id.*; *see also, Romero v. Hyde*, 795 F. Supp.3d 271, 282 (D. Mass. 2025) (ICE documentation showed petitioner

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 6

was detained under § 1226, even though respondents argued in response to the habeas corpus petition that mandatory detention was appropriate under § 1225(b)).

Here, the record shows petitioner is subject to detention under § 1226(a). Individuals detained under § 1226(a), may be released on bond or on conditional parole during the pendency of removal proceedings. 8 U.S.C. § 1226(a).

Persons detained under § 1225 may only be released for "urgent humanitarian reasons or significant public benefit" under the agency's parole authority under 8 U.S.C. § 1182(d)(5)(A). Here there is no evidence that petitioner was released on humanitarian parole under 8 U.S.C. § 1182(d) when he first arrived in the United States in 2023. Rather, petitioner was served with an NTA charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled" and was released on an OREC. *See Del Valle Castillo*, 2025 WL 3524932, at *6 (finding NTA charging petitioner as removable only under 8 U.S.C. § 1182(a)(6)(A)(i) is evidence that petitioner is detained under § 1226 and finding release under conditions other than parole under § 1182(d) is evidence that petitioner is detained under § 1226(a)).

Respondents argue relief should be denied because petitioner went to Canada and returned to the United States; they contend petitioner was therefore "subject to inspection by immigration authorities" upon his return and that "[a]ny liberty interest based on a prior immigration release is not implicated because the individual is subject to detention based on new grounds." Dkt. 4 at 4-5. Based on this reasoning, the respondents state that petitioner is detained under 8 U.S.C. § 1225, the detention is

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 7

mandatory, and respondents rely on *Mohan v. Noem*, No. 2:26-cv-00534-TMC, 2026 WL 764176, at *3 (W.D. Wash. Mar. 18, 2026).

Yet the record here reflects that petitioner was detained not because he was categorized as "an applicant for admission" subject to mandatory detention under § 1225 but because, although he has a pending BIA appeal in his *ongoing* removal proceedings, he does not have a future court date in his *ongoing* removal proceedings, which would have allowed for the release under CBP guidelines. Thus, this case is more analogous to *Z.A. v. Hermosillo*, No. C26-144RSM, 2026 WL 538455, at *1 (W.D. Wash. Feb. 26, 2026) where petitioner crossed the border into Canada and was returned to the United States and CBP custody but "respondents continued to process his case pursuant to his previously filed Notice to Appear ("NTA"), and set him for an individual, or merits, hearing on his asylum case."

The Court in *Z.A.* found that petitioner's detention violated his due process rights, granted the petition, and ordered petitioner's immediate release. *Id.*; *see also S.K. v. Hermosillo*, No. 2:26-CV-00789-TLF, 2026 WL 936458 (W.D. Wash. Apr. 7, 2026) (granting habeas petition and release where petitioner's initial 2023 NTA based on his January 2023 entry into the U.S. charging him as "present in the United States without being admitted or paroled" not as an "arriving alien" and related immigration proceedings were dismissed in 2024; petitioner subsequently crossed the border into Canada and was returned to the United States and CBP custody in 2025, a new NTA was issued based on the new 2025 entry but then subsequently dismissed and another NTA issued based on petitioner's *initial* 2023 entry into the United States); *and see*

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 8

*Simranjot Singh v. Noem*, 2:26-cv-00766-TLF, 2026 WL 1045507 (W.D. Wash. April 17, 2026).

This case is factually distinguishable from *Mohan v. Noem*, No. 2:26-CV-00534-TMC, 2026 WL 764176, at *3 (W.D. Wash. Mar. 18, 2026). In *Mohan*, the Court found petitioner was held in mandatory detention under 8 U.S.C. § 1225(b)(2)(A) because, after he (mistakenly or otherwise) crossed the border into Canada, upon his return to the United States, he "was inspected at a port of entry and found subject to detention based on *new* grounds of inadmissibility—independent of his ongoing immigration proceedings." *Id.* (emphasis added).

In making this finding, the Court in *Mohan* pointed to petitioner's Form I-213 which listed as the "Section Code" that petitioner was subject to INA § 212(a)(7)(A)(i)(I) (codified at 8 U.S.C. 1182(a)(7)(A)(i)(I)), which refers to "applicants for admission" who are not in possession of valid immigration documents. *Mohan*, 2026 WL 764176, at *3 (citing Dkt. 6-5 at 3-4 (Form I-213)).

Here, the record shows petitioner was not processed as an applicant for admission when he was re-detained in November 2025. In contrast to *Mohan*, the documents from petitioner's November 2025 detention (Form I-213) state that petitioner is subject to INA § 212(a)(6)(A)(i) (8 U.S.C. § 1182(a)(6)(A)(i))[3], not a separate statute, such as INA § 212(a)(7)(A)(i) (8 U.S.C. § 1182(a)(7)(A)(i))[4], categorizing him as an

[3] 8 U.S.C. § 1182(a)(6)(A)(i) provides: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

[4] 8 U.S.C.A. § 1182(a)(7)(A)(i) provides:

Except as otherwise specifically provided in this chapter, any immigrant *at the time of application for admission*—

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 9

"applicant for admission." Dkt. 6 (Steveson Decl.) Ex. C (Form I-213). Also, the Form I-213, states that petitioner was detained not because he was "an applicant for admission" subject to mandatory detention under § 1225 but because, although he has a pending BIA appeal in his *ongoing* removal proceedings, he does not have a future court date, which would have allowed for his release under CBP guidelines.

The record also does not show any other steps to indicate that respondents were re-detaining petitioner based on "*new* grounds of inadmissibility—independent of his ongoing immigration proceedings." *See, Mohan*, 2026 WL 764176, at *3, For instance, there is no evidence petitioner was issued a new NTA charging him as inadmissible on some other grounds based on this *new* entry into the country (e.g. 8 U.S.C.A. § 1182(a)(7)(A)(i)), and that he was therefore subject to 8 U.S.C. § 1225.

The only operative NTA in this case refers to petitioner's 2023 arrival in the United States and charges him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as "present in the United States without being admitted or paroled." The record does not show any official made a determination that petitioner was an "applicant for admission" or not "clearly and beyond a doubt entitled to be admitted" (which would have indicated the government considered petitioner subject to mandatory detention). *See* 8 U.S.C. § 1225(b)(2) ("in the case of an alien who is an applicant for admission, if the examining

---

(I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, or
(II) whose visa has been issued without compliance with the provisions of section 1153 of this title,
is inadmissible.

*Id.* (emphasis added).

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 10

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.").

For these reasons, § 1226 governs petitioner's detention, and he is not subject to mandatory detention under § 1225.

**B.    Fifth Amendment Due Process**

Respondents argue petitioner's re-arrest and re-detention was consistent with due process under the Fifth Amendment.

The Court agrees with the analysis of *E.A. T.B v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 18, 2025); therefore the Court reviews the government's decisions and actions to deprive petitioner of his liberty interests under the factors of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976): The private interest affected by the official action; the risk of erroneous deprivation of such interest through the procedures used, the probable value of additional or substitute procedural safeguards; and the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies in "the immigration detention context.").

**1.    Private Interest**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *see*

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 11

*also Zadvyda*s, 533 U.S. at 696 (finding that a non-citizen has a liberty interest "strong enough" to challenge "indefinite and potentially permanent" immigration detention).

A released individual has had an "opportunity 'to form the [ ] enduring attachments of normal life'" and thus has a heightened liberty interest, such as those which led the Supreme Court in *Morrisey* [*v. Brewer*] to impose due process requirements on parolees where the state seeks to revoke parole. *Carballo v. Andrews*, No. CV25-978-KES-EPG (HC), 2025 WL 2381464, at *4 (E.D. Cal. Aug. 15, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471 (1972)); *and see Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093, No. 2:25-cv-00647-DJC-DMC, (E.D. Cal. Mar. 3, 2025) ("individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty"); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *E.A. T.-B.*, 795 F. Supp. 3d at 1320–21.

When petitioner was released from ICE custody for over two years, he "took with him a liberty interest which is entitled to the full protections of the [D]ue [P]rocess [C]lause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). The record reflects petitioner was released on an OREC under § 1226(a), in 2023, and petitioner has a pending appeal of his removal order before the BIA.

Thus, the first *Mathews* factor weighs in petitioner's favor.

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 12

### 2.   Risk of Erroneous Deprivation

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards.

At the time of petitioner's arrest in 2025, he was not provided with notice of the allegations or an opportunity to respond prior to, during, or immediately after his arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioner's detention. There was no assessment of petitioner's flight risk or dangerousness to the community either prior to, during, or after his detention. Petitioner asserts, and the respondents do not dispute, that he has no criminal history, and that during the two years since his release from custody in 2023, the only alleged violation of his conditions of release was his alleged failure to update his address when he moved to Washington state.

Further, the record shows that petitioner's continued detention was not based on an assessment of flight risk, dangerousness, or any alleged violation of the conditions of his release but was instead based solely on the fact that petitioner did not have an upcoming court date in his ongoing removal proceedings. *Singh v. Noem*, No. C26-0302JLR, 2026 WL 879247, at *4 (W.D. Wash. Mar. 31, 2026) (finding the first and second *Mathews* factors weighed in favor of petitioner where the Government asserted but failed to detail the nature of the alleged violation of petitioner's conditions of release).

Here, the record shows that 12 days after petitioner was re-detained, his OREC was revoked and an interview as conducted related to the revocation of his OREC. But

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 13

the OREC revocation notice lists no reasons for the revocation of the OREC, which the respondents now appear to represent in their brief was due to petitioner's failure to update his address with DHS when he moved to Washington state. But petitioner's alleged failure to update his address on its own as the sole violation of the OREC is the type of circumstance that requires a pre-deprivation hearing. *See Kumar v. Wamsley*, No. 2:25-cv-01772-JHC-BAT, 2026 WL 251798, at *2, 5 (W.D. Wash. Jan. 30, 2026) (finding petitioner faced a high risk of erroneous deprivation where the Government detained him for alleged failures to report address changes without providing him with clear notice of the basis for re-detention and a meaningful opportunity to be heard before the deprivation). The Court also notes that the OREC itself states that "you must not change your place of residence without first securing written permission from the immigration officer listed above" but fails to provide the name of the immigration officer whom petitioner is supposed to notify, or any specific office phone number to contact. Dkt. 6 (Steveson Decl.) Ex. B (OREC).

The Court finds, under the circumstances, the risk of erroneous deprivation is high. Under the circumstances, petitioner should have been given notice of the reason for his re-detention and the opportunity to be heard at a pre-deprivation hearing where the Government bears the burden of proof, under *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), to justify immigration re-detention by clear and convincing evidence.

Thus, the Court finds the second *Mathews* factor favors petitioner.

### 3.    The Government's Interest

The Government's interest in civil detention without a hearing is low. *See E.A. T.B*, 795 F. Supp. 3d at 1323-24 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 14

(N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.")).

Because the respondents have failed to demonstrate a substantial interest in reducing the Due Process protections, and because the administrative burden of providing a timely hearing is outweighed by the serious risk of erroneous deprivation, and the petitioner's strong interest in continued liberty, the third *Mathews* factor also weighs in petitioner's favor.

**C.    Permanent Injunctive Relief**

Petitioner also seeks an order permanently enjoining his re-detention during the pendency of removal proceedings absent constitutionally adequate procedures.

Petitioner does not adequately argue that re-detention is likely, or that such detention is likely to occur without proper notice and an opportunity to be heard. Without argument or evidence petitioner fails to demonstrate he is entitled to the requested relief. *See Torres v. Hermosillo*, 25-cv-02687-LK, 2026 WL 145715, at *8 (W.D. Wash. Jan. 20, 2026); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). For this reason, the request for injunctive relief preventing petitioner's re-detention without "constitutionally adequate procedures" is denied without prejudice.

**CONCLUSION**

For the reasons stated above, the petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART AND DENIED IN PART, and the Court ORDERS as follows:

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 15

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b).

(2)  The respondents shall release petitioner from custody within 24 hours of the filing of this Order, under his most recent conditions of release.

(3) No later than two days after petitioner's release the respondents must file with the Court a declaration confirming the date and time petitioner has been released from custody.

(4) Petitioner's request for injunctive relief permanently enjoining his re-detention absent "constitutionally adequate procedures" is DENIED without prejudice.

(5) The Court will entertain any appropriate post-judgment motion for attorney's fees.

Dated this 26th day of May, 2026.

_Theresa L. Fricke_
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS - 16